FIPPS ET AL., APPELLEES, *v.* CUYAHOGA COUNTY COMMISSIONERS ET AL., APPELLANTS.

(No. 46570—Decided November 14, 1983.)

*Mr. Anthony O. Calabrese, Jr.,* for appellees Vinita Fipps *et al.*

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. David A. Williamson,* for appellant Cuyahoga Cty. Commrs.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. David H. Weaver,* for appellant Dept. of Adm. Services.

PRYATEL, J. This cause of action arose from a complaint for declaratory judgment filed by plaintiffs-appellees regarding their rights to pay and step increases retroactive to January 4, 1976. The trial court ruled that appellees were entitled to said benefits. We affirm for the reasons set forth below.

The parties do not dispute the facts; instead, their disagreement involves the law to be applied. Appellees are employees of the Cuyahoga County Welfare Department, Income Maintenance Division, who are in the state classified civil service. Pursuant to Am. Sub. H.B. No. 155, which enacted R.C. 124.14(A), all positions within the classified civil service were to be evaluated and job specifications were to be prepared, whereby positions of similar function would be placed in one class. Both parties agree that the new job classifications were to be effective as of January 4, 1976.

In compliance with R.C. 124.14(A),[1] the Director of Administrative Services established a job classification plan. The specifications for job classifications pertaining to the appellees were originally filed on January 13, 1976 with the Secretary of State, although the statute (R.C. 124.14[A]) became operative on January 4. However, the affected employees were not notified of this filing. One week later, on January 20, 1976, the department superseded the January 13 classification by filing different specifications for these classifications. This later filing was legally challenged and declared to be invalid by the Franklin County Court of Common Pleas on July 21, 1978, at the same time that the superseded January 13, 1976 specifications were upheld. The invalid January 20 specifications were in force until August 1978, when the initial specifications (January 13), with minor editing changes, were put into effect (without any retroactive provisions) to supersede the January 20 filing that was invalid.

Appellees filed a declaratory judgment action, on February 26, 1982, seeking a court order that appellees are entitled to payment of the step increases which were placed into effect August 28, 1978, retroactive to January 4, 1976, the effective date of the statute. The trial court determined that appellees were so entitled. Appellants have raised a single assignment of error in this appeal.

### Assignment of Error

"The court of common pleas erred by holding that a ten year statute of limitations (§ 2305.14, Ohio Revised Code) applied to the facts and circumstances of this case, rather than the four year limitation provided by § 2305.09, Ohio Revised Code."

Appellants filed a motion to dismiss on the grounds that appellees had not brought their cause of action within the four-year time limit prescribed by R.C. 2305.09. Appellants contend that the trial court erred in applying R.C. 2305.14, which sets forth a ten-year statute of limitations for any action not provided for in the other sections dealing with statutes of limitations (R.C. 2305.04 to 2305.131).[2] According to appellants, R.C. 2305.09(D)[3]

---

[1] R.C. 124.14(A) provides in pertinent part:

"The director of administrative services with the approval of the state employee compensation board shall establish, and may modify or repeal, by rule a job classification plan for all positions, offices, and employments the salaries of which are paid in whole or in part by the state. The director shall group jobs within a classification so that the positions are similar enough in duties and responsibilities to be described by the same title, to have the same pay assigned with equity, and to have the same qualifications for selection applied. The director, with the approval of the state employee compensation board, shall, by rule, assign a classification title to each classification within the classification plan. * * * The director shall describe the duties and responsibilities of the class and establish the qualifications for being employed in that position; and shall file with the secretary of state a copy of specifications for all of the classifications.

New, additional, or revised specifications shall be filed with the secretary of state before being used. * * *"

[2] R.C. 2305.14 provides as follows:

"An action for relief not provided for in sections 2305.04 to 2305.131, inclusive, and section 1304.29 of the Revised Code, shall be brought within ten years after the cause thereof accrued. This section does not apply to an action on a judgment rendered in another state or territory."

[3] R.C. 2305.09 provides the following:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, in-

is the applicable statute of limitations for "an injury to the rights of the plaintiff not arising on contract."

The classifications were originally filed on January 13, 1976, without notice to the employees. One week later, on January 20, 1976, the department replaced the January 13 classifications by filing new specifications with notice to the employees. This later filing was legally challenged in the Franklin County Court of Common Pleas. These new classifications generated so much dissatisfaction that the Cuyahoga County Commissioners wrote to the Department of Administrative Services in Columbus asking for corrective action to remove the inequities from the classifications. A copy of this letter was circulated to the employees.

While the case was pending in Franklin County, the Department of Administrative Services sent a memoranda to all employees, stating that the department was aware of the employees' discontent, but that action to rectify the problem could not begin until the Franklin County court released its decision. Relying on these representations, employees were induced into withholding legal action until the court announced its ruling. See, generally, *Allin* v. *McGinty* (Nov. 6, 1980), Cuyahoga App. No. 41697, unreported.

In July 1978, the court ruled that the January 20 specifications were legally invalid and simultaneously upheld the January 13 specifications. Appellant-department then refiled the January 13 specifications in August 1978, without providing for retroactive salary and step increases.

---

clusive, 2305.14 and 1304.29 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

We find R.C. 2305.09 to be the applicable statute of limitations. However, we hold that the cause of action did not begin to accrue until August 1978, when the employees learned of the legally accepted filing, as well as appellant-department's failure to provide retroactive relief. By bringing their cause of action on February 26, 1982, appellees were well within the four-year period required by R.C. 2305.09(D). Thus, notwithstanding our sustaining the sole assignment of error, we affirm the judgment of the lower court. We do so on the basis that the action was commenced (February 26, 1982) within the four years after the cause accrued (August 28, 1978).

*Judgment affirmed.*

DAY, P.J., and PARRINO, J., concur.